## Cooper *v.* Midland Metal Company, Appellant.

*Contract—Commissions on sale—Affidavit of defense—Practice, C. P.*

1. An affidavit of defense is insufficient to prevent judgment which avers that defendant gave an estimate for certain work to plaintiffs for a certain sum net to defendant, but afterward agreed to allow plaintiffs a commission of any sum plaintiffs could get above that price from the principal to whom the work was to be furnished which commission was to be paid to plaintiffs in proportion as defendant received the money, and that defendant after performing the work was forced, with the knowledge and consent of the plaintiffs, to accept seventy-five per cent of the contract price, which seventy-five per cent did not net defendant the amount of the original estimate.

2. In such a case the plaintiffs were not required to wait until the

defendant had received payment of the entire contract price; they were entitled to be paid their proportion of any money which the defendants received upon the contract.

Argued Oct. 10, 1913.   Appeal, No. 300, Oct. T., 1912, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1912, No. 3,999, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Jacob. B. Cooper and L. S. Lucas, Co-partners, trading as Cooper & Lucas, v. Midland Metal Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Affirmed.

Assumpsit for commissions.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Sidney L. Krauss*, with him *W. Horace Hepburn* and *William A. Carr*, for appellant.

*George S. Munson*, for appellee.

Opinion by Porter, J., April 20, 1914:

The plaintiffs are dealers in builders' supplies and act as manufacturers' agents in entering into contracts for makers of building and construction materials.   The defendant company is a manufacturer of ornamental brass, bronze and ironwork.   The plaintiffs brought this action to recover the amount alleged to be due them as commissions for their services in procuring for the defendants a contract to do certain work for the Lane-Reynolds Company.   The defendants filed an affidavit of defense which the court below held to be insufficient

and made absolute a rule for judgment.    The defendants appeal from that order.

The statement of plaintiffs and the affidavit of defense agree as to the following facts.    The parties had been negotiating with regard to certain work which was to be done for the Lane-Reynolds Company, which was re-fitting a building, and the defendants had submitted to the plaintiffs an estimate indicating that they could undertake to do the work for the sum of $1,735; the defendant company, on January 26, 1912, wrote to the plaintiffs the following letter:

"Gentlemen:—Referring to the estimate submitted to you on the 23rd inst., would say that the prices quoted therein are net to you and do not include any commission.    We will, however, allow you as commission, any amount you may get above these prices, and will pay you same in proportion as we receive our money."    On the same day. the plaintiffs and the defendants agreed that the defendants should address to the Lane-Reynolds Company an offer to do the work for the sum of $2,117, which bid was through the plaintiffs submitted to the Lane-Reynolds Company, was accepted by that company and the defendant company was notified of that acceptance by the plaintiffs, in a letter dated the same day, saying,

"Gentlemen:—You will find enclosed herewith a written acceptance for your work at Seventeenth and Chestnut Streets, amounting to $2,117.00.    Our commission for this is to be as per your agreement with us."    The affidavit of defense expressly admits that there was added "in said written estimate the sum of Three hundred and eighty-two Dollars ($382.00), which sum was to be a bonus to be paid to the plaintiffs herein over and above the actual amount, to wit, $1,735.00 which the defendant, the Midland Metal Company, was to receive for said work."    The affidavit of defense admits that if the work had been completed and paid for according to the terms of the contract the plaintiffs

would have been entitled to receive from the defend-
ants the sum of $382 as commissions for procuring the
contract. Thus far the parties are agreed. The diffi-
culty arose because of the fact that the undertaking was
abandoned, by the Lane-Reynolds Company, before
the work was fully completed, and the defendant com-
pany, with the assent of the plaintiffs, settled with the
Lane-Reynolds Company and accepted the sum of
$1,587.75, being seventy-five per cent of the entire con-
tract price, in full payment for all the work which had
been done. The plaintiffs aver that they are entitled
to the payment of such portion of their commissions as
the amount which the defendants have received bears
to the entire contract price. The defendants assert that
under the contract the plaintiffs were not entitled to
receive any commissions until after the defendants had
received the sum of $1,735, the amount of the original
estimate, and were entitled only to any amount received
in excess of that estimate.

These parties have made their own contract and have
reduced it to writing. The affidavit of defense does not
sufficiently aver that there was any oral agreement which
varied the terms of the written one. The rights of these
parties depend upon the construction to be given the
defendants' letter of January 26, 1912, and the reply of
the plaintiffs bearing the same date. That correspond-
ence clearly implies that the right of the plaintiffs to
claim commissions was to depend upon their success in
procuring a contract to do the work for a price in ex-
cess of $1,735, and that excess in price was to fix the
amount of the commissions. The amount of the commis-
sions having, upon the same day, been ascertained by
the execution of the contract, between the defendants
and the Lane-Reynolds Company, the terms upon which
the commissions were to be paid by the defendants were
clearly expressed in their letter, "and (we) will pay you
same in proportion as we receive our money." Under
this contract the plaintiffs were not required to wait

until the defendants had received payment of the entire contract price, they were entitled to be paid their proportion of any money which the defendants received upon the contract.

The judgment is affirmed.